STATE of Missouri, Respondent,

v.

Thomas W. WHITLOW, Appellant.

No. WD 55532.

Missouri Court of Appeals,
Western District.

March 16, 1999.

Stephen Patton, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

Thomas W. Whitlow appeals the circuit court's judgment convicting him of felony stealing.[1] He contends that the circuit court judge erred in not recusing himself because the victim's son, Don Witt, and her grandson, Gary Witt, were prominent attorneys in Platte County and because Don Witt had known the circuit court judge, the Honorable

Ward B. Stuckey, for many years. This, Whitlow argues, created the appearance of impropriety and required Judge Stuckey to recuse himself pursuant to Rule 2, Canon 3(D)(1). We disagree and affirm the circuit court's judgment.

Whitlow does not attack his conviction directly. In his only point, he contends that the circuit court erred when Judge Stuckey refused Whitlow's motion, filed five days before trial, to recuse himself from the case. Before trial, the prosecutor stipulated with Whitlow concerning Don Witt:

(a) Don Witt is [son of the victim, Bertha Witt].

(b) He has been an attorney, practicing in Platte County, since 1963.

(c) He has known the Honorable Ward Stuckey, Circuit Judge of Division I, Platte County, 6th Judicial Circuit, since before high school from the 4H Club, and [they] were class mates in college in the same fraternity.

(d) He was a member of the Non–Partisan 6th Judicial Circuit Committe [sic] for six years, during the period when the Honorable Ward Stuckey was elevated to Circuit Court Judge.

(e) He served on the disciplinary committee for nine years.

(f) He is a member of and represents without pay the Baptist Church in Platte County.

Concerning Don Witt's son, Gary Witt, Whitlow and the prosecutor stipulated:

(a) Gary Witt is [the victim's] grandson [and] Don Witt's son.

(b) He was a Missouri State Representative for areas including Platte County and Clay County from January 1991 to January 1997.

(c) He has been practicing law with his dad, Don Witt, in Platte County, since 1990.

(d) He is a member or serves on committees for the Historic Society, [sic] charitable ball and Platte County Fair.

---

1. The state charged Whitlow with bilking $800 from Bertha Witt by convincing her that the money was needed to bail her grandson, Gary Witt, out of jail.

(e) He is a member of the Baptist Church in Platte County.

Whitlow alleges that these factors created an appearance of bias by Judge Stuckey in favor of the prosecution and "violated [Whitlow's] rights to due process of law and to a fair trial by an impartial judge."

Rule 2, Canon 3(D)(1), in effect during Whitlow's trial,[2] required a judge to recuse himself when "the judge's impartiality might reasonably be questioned[.]" Cases specified in the rule as requiring a judge to recuse himself are those in which the judge has a personal bias or prejudice, was involved significantly in the controversy, has a financial or other interest in a proceeding's outcome, or is related within the third degree of kinship to a person participating in the proceeding or one affected by the outcome of the proceeding. This rule, by requiring a judge's recusal when the "judge's impartiality might reasonably be questioned," mandates recusal in cases in which a reasonable person would believe that the judge was biased or prejudiced—whether or not the judge was actually biased or prejudiced. *State v. Nunley*, 923 S.W.2d 911, 918 (Mo. banc 1996).

Whitlow alleges that, "because of the positions and relationships of Don Witt and Gary Witt, that a reasonable person, giving due regard to the presumption that judges act with honesty and integrity, would find an appearance of impropriety and doubt the impartiality of the Court." We disagree. Don Witt's and Gary Witt's positions and relationships were irrelevant unless they gave rise to a reasonable belief that those positions and relationships impaired Judge Stuckey's ability to be impartial in presiding over the state's prosecution of Whitlow. Whitlow does not explain the significance of the factors which he enumerated. He basically argues from assumptions.

That a judge and an attorney have known each other since before high school and were college classmates and members of the same fraternity would not cause a reasonable person to question Judge Stuckey's impartiality. Their relationship *today* is the crucial issue.

That Judge Stuckey and Don Witt had known each for a long time does not, in itself, suggest that their friendship—assuming they were friends back then—endures today. Without knowing which church Judge Stuckey attends, we cannot know the significance of Don Witt's being a member and representing a Baptist church in Platte County. We decline Whitlow's invitation to make assumptions about these factors.

We accord more significance to Don Witt's membership for nine years on the committee which disciplined judges, but this factor alone does not create the appearance of impropriety. The stipulation did not inform the circuit court which nine years Don Witt served on the committee and whether they coincided with Judge Stuckey's presiding over this case.

The only one of Don Witt's positions and relationships which causes us any significant concern was Witt's membership on the committee which nominated, to the Governor, Judge Stuckey and two others as circuit judge candidates. Five persons served on the selection committee. Witt's membership on the committee, by itself, should not cause a reasonable person to doubt Judge Stuckey's ability to be impartial in a case involving Don Witt. Witt even may have been opposed to Judge Stuckey.[3] This factor, in the manner presented by Whitlow, is not sufficient to require Judge Stuckey's recusal.

We accord virtually no significance to the facts which Whitlow enumerated concerning Gary Witt. We do not assume, as Whitlow asks us to do, that Gary Witt's being a state representative, a member of the Historical Society's ball committee, county fair committee, and a member of a Baptist church in Platte County make Gary Witt so prominent that Judge Stuckey could not preside impartially over Whitlow's trial.

Whitlow asks us to assume that Don Witt and Gary Witt were persons who wielded much influence and power in Platte County. The Witts are notable attorneys, but every judge is aware that he must not allow his objectivity to be influenced by particularly

---

**2.** This rule was recodified, effective January 1, 1999, as Rule 2.03, Canon 3(E).

**3.** The selection committee's votes are confidential.

notable attorneys and litigants. That a judge knows every attorney practicing in his circuit is common, especially in circuits the size of Platte County. That judges know attorneys and even are members of the same organizations do not, in themselves, create the appearance of impropriety.

Having carefully studied the record in this case, we are convinced that Judge Stuckey presided impartially and that Whitlow received a fair trial. The evidence against Whitlow was overwhelming, and Judge Stuckey provided him with every reasonable opportunity to defend himself. We discern no basis for making the bald assumption which Whitlow asks us to make that Judge Stuckey discarded his objectivity simply because the victim's son and grandson were notable attorneys in the county and that Judge Stuckey had known Don Witt for a long time.

In denying Whitlow's motion for a change of judge, Judge Stuckey described his relationship with Don Witt. "He's one of a number of attorneys that appears in this court regularly," he said. "And sometimes he wins and sometimes he loses, just like all the other attorneys." Judge Stuckey was saying that he was not influenced in any way by Don Witt's prominence as an attorney. Nothing in this record causes us to question Judge Stuckey's assessment of Don Witt's influence, and we discern no basis for making the assumptions which Whitlow asks us to make.

We, therefore, affirm the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.